# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| ANTHONY ALEXANDER SALAZAR FAJARDO | CIVIL ACTION NO. 3:26-0936 |
| | SECTION P |
| VS. | |
| | JUDGE ALEXANDER C. VAN HOOK |
| PAM BONDI, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Petitioner Anthony Alexander Salazar Fajardo,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se, petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2]   Respondents oppose the petition.  [doc. # 11].  For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Ecuador.  He was taken into immigration custody in January or March 2026.  [doc. #s 1, p. 2; 4, p. 4].

Petitioner filed this proceeding on approximately March 24, 2026.  He first claims that his ongoing detention without a bond hearing violates his right to due process.  [doc. #s 1, p. 4; 4,

---

[1] Petitioner's "A Number" is 244-224-749.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

p. 6].  He similarly claims that the Government has violated his right to due process by failing to consider less restrictive alternatives to detention.  *Id.*

Next, Petitioner claims that his arrest was arbitrary and that he was detained without a judicial warrant.  [doc. #s 1, p. 5; 4, p. 6].

Respondents opposed the petition on May 5, 2026.  [doc. # 11].

<u>**Law and Analysis**</u>

**I. 8 U.S.C. § 1225 Versus 8 U.S.C. § 1226**

On February 6, 2026, the Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even when they have been present in the United States for many years.  *Buenrostro-Mendez*, 166 F. 4th at 502.  In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225.  *Id.*  The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A).  *Id.*

Here, *Buenrostro-Mendez* governs Petitioner's detention status: he is detained under Section 1225.  Under 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added), "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum."  Plainly, Section 1225 does not authorize release on bond.  *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).  Petitioner is, therefore, not statutorily entitled to bond or a bond hearing.  The Court should dismiss his statutory claim accordingly.

**II. Due Process**

Petitioner claims that the Due Process Clause entitles him to a bond hearing.  In *Dzheison Ford v. Timothy Ducote, et al*., 3:20-cv-1170, Doc. 19, (W.D. La. Nov. 2, 2020), the district judge opined in pertinent part:

> In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States.  He was detained for expedited removal.  An asylum officer rejected his credible fear claim.  Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum.  In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause.  Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens.  Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'"  140 S. Ct. at 1977.
>
> In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute.  Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights.  In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.
>
> Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  In *Zadvydas*, two aliens were held pending removal after final order of deportation.  However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a).  The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id*. at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported.  *Id*. at 702.

> The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."
>
> Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. See also *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).

Here, Petitioner is not constitutionally entitled to a bond hearing. *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process.").[3] As in *Ford*, Petitioner's detention is not indefinite or potentially permanent. He was taken into immigration custody as recently as January or March 2026. [doc. #s 1, p. 2; 4, p. 4]. Accordingly, the Court should deny Petitioner's due process claims.

## III. Fourth Amendment

Because it concerns the Court's power to decide the case, "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Several sections of the Immigration and Nationality Act curtail the jurisdiction of federal district courts in immigration cases. *See Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018).

Petitioner claims that his arrest was arbitrary and that he was detained without a judicial warrant. [doc. #s 1, p. 5; 4, p. 6]. However, 8 U.S.C. § 1252(g) (emphasis added), strips the

---

[3] *See also Romero v. Tate*, 2026 WL 1067566, at *1 (S.D. Tex. Apr. 20, 2026); *Bekboev v. Vergara,* 2026 WL 1011244, at *1 (S.D. Miss. Apr. 14, 2026); *Mlaih v. Noem*, 2026 WL 787536, at *4 (N.D. Tex. Mar. 19, 2026).

Court of jurisdiction over this claim. Section 1252(g), provides: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter."  Petitioner's claims arise from a decision to commence removal proceedings against him.[4]  Accordingly, the Court should dismiss these claims.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Anthony Alexander Salazar Fajardo's Fourth Amendment claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Petitioner's remaining claims be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[4] *See Sissoko v. Rocha*, 509 F.3d 947, 950 (9th Cir. 2007) ("[W]e hold that 8 U.S.C. § 1252(g)'s jurisdiction-stripping language covers the Sissokos' false arrest claim."); *Limpin v. United States*, 828 F. App'x 429 (9th Cir. 2020) (opining, where a petitioner alleged that he was wrongfully arrested and detained in connection with removal proceedings, that the "district court properly dismissed [the] action for lack of subject matter jurisdiction because claims stemming from the decision to arrest and detain an alien at the commencement of removal proceedings are not within any court's jurisdiction."); *Gupta v. McGahey*, 709 F.3d 1062 (11th Cir. 2013) (finding, where a petitioner argued that agents illegally created an arrest warrant, illegally arrested him, and illegally detained him, that Section 1252(g) barred the court from reaching the merits of the claims).

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 19th day of May, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge